■ SPRINGFIELD ELECTRICAL SPECIALTIES Co., INC., Appellant, v EXHIBIT TECHNIQUES, INC., Respondent.—In an action to recover damages for breach of contract, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered February 23, 1976, which is in favor of defendant, upon the trial court's dismissal of the complaint at the close of all the evidence at a jury trial. Judgment affirmed, with costs. Plaintiff and defendant were parties to an agreement whereby defendant was to construct a display for the plaintiff and send it to various trade shows. Plaintiff was to staff the display in order to aid it in selling its products to firms or individuals visiting those shows. Under the agreement defendant arranged to have the display shipped, set up, dismantled and returned in connection with a show in Chicago in 1971, and another in Los Angeles in 1972. The parties apparently then agreed orally that defendant would perform the same services for plaintiff with regard to another Chicago show, to be held from October 22 to October 24, 1973. The exhibit failed to arrive in Chicago on time. In this action plaintiff seeks damages for sales lost because it could not exhibit its products on the first two days of the show. At the close of defendant's evidence, its motion to dismiss the complaint was granted. Plaintiff has appealed from that judgment. We affirm. Plaintiff relies on the presumption that the failure of a bailee to return bailed property on demand makes out a prima facie case of negligence against the bailee and, accordingly, that the jury should have been permitted to decide the case. We are of the opinion that such presumption is not applicable here. It applies in instances in which the property is either lost, stolen or destroyed, and in which the bailee is therefore unable to return it on demand (see Richardson, Evidence [Prince, 10th ed], § 109 [and cases cited therein]). Here the evidence shows that defendant placed the display on an exclusive carrier bound directly for Chicago one week before the show was to begin. Thus, it appears that the failure of the display to arrive in Chicago in time for the opening of the show is that of the carrier and not that of defendant. Under these circumstances, even if the presumption did apply, it would not aid plaintiff, for defendant had succeeded in showing that the "loss" was due to another's act. It would therefore have fallen on plaintiff to show that defendant had been negligent in hiring the carrier. Since plaintiff failed to introduce any evidence concerning negligence by the defendant, there was no theory under which it could recover. The complaint was therefore properly dismissed at

the close of all the evidence. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.